EXHIBIT 1

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 1 3 2015

By _____
Deputy

FAXED

1   **MILSTEIN ADELMAN, LLP**
    Mark A. Milstein, State Bar No.
2   2800 Donald Douglas Loop North
    Santa Monica, California 90405
3   Telephone: (310) 396-9600
    Fax: (310) 396-9635
4
    **FLAHERTY HENNESSY, LLP**
5   Sarah L. Gough, State Bar No. 247220
    8055 West Manchester Street, Suite 420
6   Playa del Rey, California 90293
    Telephone: (310) 305-1280
7   Fax: (310) 305-1210

8   Attorneys for Plaintiff Wesley Leung

9

                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                **FOR THE COUNTY OF SAN BERNARDINO**
11

12  WESLEY LEUNG individually and on behalf of    |   CASE NO.: CIVDS1503519
    all others similarly situated,
13                                                     CLASS ACTION COMPLAINT
                    Plaintiff,
14                                                     1. FALSE AND MISLEADING ADVERTISING
        vs.                                               IN VIOLATION OF BUSINESS AND
15                                                        PROFESSIONS CODE §17200, *et seq.*
    FANDUEL, INC., a Delaware Corporation             2. FALSE AND MISLEADING ADVERTISING
16                                                        IN VIOLATION OF BUSINESS AND
                    Defendant.                            PROFESSIONS CODE §17500, *et seq.*
17                                                     3. VIOLATION OF CALIFORNIA CIVIL
                                                          CODE §1750, *et seq.* (Consumer Legal
18                                                        Remedies Act)
19                                                     4. VIOLATION OF NEW YORK BUSINESS
                                                          CODE §349 and §350
20                                                     5. BREACH OF CONTRACT
21
                                                       DEMAND FOR JURY TRIAL
22

23                          **CLASS ACTION COMPLAINT**

24

25      Plaintiff Wesley Leung ("Plaintiff"), individually and on behalf of all other similarly situated

26  customers of FanDuel, Inc. (the "Class"), hereby files this complaint against FanDuel, Inc.

27  ("FanDuel", and/or "Defendant") and allege as follows:

28

                                    1

1.   Plaintiff brings this class action to secure injunctive relief and restitution for the Class against Defendant for false and misleading advertising in violation of <u>Business & Professions Code</u> section 17200, *et seq.*, <u>Business & Professions Code</u> section 17500, *et seq.* and <u>Civil Code</u> section 1750, *et seq*, as set forth herein.   Plaintiff also brings this claim under §349 and §350 of the New York Business Code and for common law breach of contract.

2.   FanDuel is a fantasy sports website that permits individuals to play one-day fantasy sports games ("Product(s)").   To begin playing on FanDuel, an individual is required to place a deposit and create a FanDuel account.   That person can then use the money on deposit to pay entry fees to partake in daily fantasy sports games.   At the end of the sports day, the winner of each fantasy contest is then awarded prize money, which is inserted into their FanDuel account.   FanDuel takes a certain percentage of each overall pot for each fantasy sports game as a fee for hosting the fantasy game.   Since FanDuel fancies its fantasy sports games as a game of skill, it is not gambling. FanDuel is also an intense competition with several competitors to create market share for its games and aggressively markets on NFL games, sports television, sports radio and sports websites.

3.   As part of its promotion, FanDuel has continuously advertised that when you set up an account on the FanDuel website and make an initial deposit, FanDuel will match "dollar for dollar" that initial deposit up to $200 for all new members without any limitations, or that, without limitations, FanDuel will match a specific dollar amount based on the amount of the initial deposit. Specifically, television commercials for Fanduel.com have advertised the following:

a.   "Deposit now, and we'll match up to 200 bucks, dollar for dollar";

b.   "double your deposit with promo code"; and

c.   "deposit is 100% matched"

4.   There are additional FanDuel television and radio advertisements that use different language to promote the same promise of a "dollar for dollar" match including representing that the match is for "free".   Similarly, there are other advertisements where FanDuel asserts it will match a certain dollar amount for a specific initial deposit.   For instance, if a person puts down an initial deposit of $100, that person would receive a $60 match as a "Welcome Bonus" or a $150 match for a $200 deposit.   However, this is totally untrue.   Indeed, the Defendant falsely represents and does

1  not adequately disclose and omits that the "Welcome Bonus", which is free, is not a "dollar for
2  dollar" match, or a match of a specific dollar amount, but is based on a very intricate formula that
3  requires continued play on the FanDuel site and, in some cases, an investment of over 2500% of the
4  initial deposit.   Specifically, the formula used by FanDuel does not match a single dollar.   The
5  "Welcome Bonus" is released as 4% of the entry fee of each contest entered by that customer.
6  Accordingly, the customer does not receive a single dollar for making an initial deposit.  Instead, the
7  customer must spend his deposit money in order to receive a bonus, and upon spending his deposit
8  money, receives only 4% of that money as a bonus.

9      5.    For example, if a customer signs up and deposits $200 as his initial deposit, FanDuel
10  does not match the customer's deposit with a bonus of $200, and the customer does not have $400
11  in his account.  Instead, the customer is required to spend his deposit money by entering contests.  If
12  the customer enters a contest for $200, spending his entire deposit on a single contest, FanDuel
13  distributes a bonus of $8 (4% of the contest entry fee).  Based on this formula, the customer that
14  made an initial deposit of $200 will have to spend $5,000 in contest entry fees in order to receive
15  FanDuel's deposit matching bonus of $200.  In other words, that customer must invest an additional
16  $4,800 with FanDuel, before FanDuel releases its promised $200 matching bonus.

17      6.    So for Plaintiff, LEUNG, who put down $100, in October 2013, an initial deposit of
18  $100 and was promised based on misleading advertising a match of $60, FanDuel did not match his
19  initial deposit with $60, but rather only will release $8 of his "Welcome Bonus" upon playing the
20  entire $100 initial deposit amount requiring him to spend $1,875 on FanDuel to receive his entire
21  matching bonus.

22      7.    Defendant's promotions violate Business & Professions Code section 17200, *et seq.*,
23  Business & Professions Code section 17500, *et seq.* and Civil Code section 1750, *et seq*, because
24  under those statutes deceptive acts or practices in the conduct of any business, trade or commerce
25  and false advertising in the conduct of any business, trade or commerce or in the furnishing of any
26  service is unlawful.   For the same reasons the Defendant's conduct violates §349 and §350 of the
27  New York Business Code.

28

CLASS ACTION COMPLAINT

8.      Defendant's advertisements also become part of the contract between the Plaintiff and the putative class and the Defendant, which the Defendant breaches by non-performance.

### JURISDICTION AND VENUE

9.      This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, section 10, because this case is a cause not given by statute to other trial courts.

10.     Plaintiff has standing to bring this action pursuant to Business & Professions Code section 17200, et seq.

11.     Fan Duel, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in New York.

12.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between it and California.

13.     Venue is proper in this Court because Defendant receives substantial compensation from sales in Los Angeles County, and Defendant made numerous misrepresentations, which had a substantial effect in Los Angeles County, including, but not limited to, print media, television advertisements, internet advertisements, and radio advertisements.

### PARTIES

14.     At all times relevant hereto, Plaintiff is a California citizen who seeks to represent a class of California Citizens who paid initial deposits to play the FanDuel games, using a specific promotion code, and did not receive their promised "Welcome Bonus" match.  Plaintiff purchased the Product over the internet while in California from an entity in New York.  In doing so, Plaintiff relied upon the advertising and other promotional material which were prepared and approved by Defendant and their agents and disseminated through its national advertising media, containing the misrepresentations alleged herein which were designed to encourage consumers to purchase the Product.

15.     Defendant FanDuel is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located in Manhattan, New York.  FanDuel

CLASS ACTION COMPLAINT

1    offers the Product for sale through its internet site throughout all fifty states, through business

2    activities that emanate from New York.  FanDuel is the owner and operator of the FanDuel Product

3    and is the company that created and/or authorized the false, misleading, and deceptive

4    advertisements for the Product.

5        16.    In committing the wrongful acts alleged herein, Defendant planned and participated in

6    and furthered a common scheme by means of false, misleading, deceptive, and fraudulent

7    representations to induce members of the public to purchase the Product directly from its New York

8    place of business.  Defendant participated in the making of such representations in that each did

9    disseminate or cause to be disseminated said misrepresentations.

10       17.    Defendant, upon becoming involved with the creation, distribution, advertising,

11   marketing, and sale of the Product, knew or should have known that the representations about the

12   Product and, in particular, the "dollar for dollar" free match or a specific dollar match on initial

13   deposits for the Product were false.  Defendant affirmatively misrepresented the match, as set forth

14   herein, in order to convince the public to purchase and use the Product, resulting in profits of

15   millions of dollars or more to Defendant, all to the damage and detriment of the consuming public.

16       18.    FanDuel ran its first radio advertisement in March 2011.  FanDuel ran its first

17   Television advertisement in August 2012 and has run internet advertisements since at least March

18   2011.  The Plaintiff is without knowledge as to when FanDuel first ran this misleading advertisement

19   campaign.  However, the misleading ad campaign has successfully directly increased FanDuel's

20   exposure and has directly increased the number of paying players.

21

22                    **FACTS AND DEFENDANT'S COURSE OF CONDUCT**

23       19.    FanDuel engages in marketing campaigns that suggest that its fantasy sports are the

24   leader in one-day fantasy sports game play.  They have put together a multi-million dollar advertising

25   campaign focused on sports enthusiasts that play fantasy sports for fun with their friends and have

26   induced these persons to participate on their website with the lure that winning fantasy sports on

27   their website may result in million dollar payoffs.  As part of this advertising scheme, FanDuel entices

28   these fantasy enthusiasts with promotions which are meant to make individuals believe that their

CLASS ACTION COMPLAINT

1    initial deposits, which are required in order to play on the FanDuel site, would be immediately
2    matched and would permit double the amount of play on the site based on the single deposit up to
3    $200, or a match for a specific dollar amount based on the size of the initial deposit, and that the
4    match would be free of charge.  So in other words, if a person deposited $10, that person would be
5    immediately able to play well in excess of that initial deposit immediately.

6        20.    It is only after a person makes that initial deposit and tries to use the monies in their
7    account, do they become aware that FanDuel does not immediately match deposits "dollar for dollar"
8    or in a specific amount, but rather will only provide additional [match] monies in that player's
9    account over time, and only after they continuously pay for additional games and either deposit
10   additional monies and/or utilize monies that they won on the site.  Moreover, the individual is never
11   told that the "dollar for dollar" match actually can be deleted from an account due to inactivity on the
12   site.

13       21.    When a person signs up for FanDuel, based on its false and misleading advertising of
14   a free "dollar for dollar" match or a specific dollar match of the initial deposit, the user was required
15   to use a specific promotion code ("Promotion Code") in order to obtain the free match.  There are
16   many different promo codes that have been advertised to be used for this deposit bonus.  The
17   Plaintiff does not know all of the promotion codes utilized by the Defendant for this promotion but
18   this information will be determined through discovery.

19
20                        **CLASS ACTION ALLEGATIONS**

21       22.    Plaintiff brings this action pursuant to Cal. Civ. Proc. Code § 382 on his own and on
22   behalf of all those similarly situated.   The Class, which Plaintiff seeks to represent, comprises:
23           All California Citizens who purchased the Product, using a Promotion Code.
24   Plaintiff and the Class reserve the right to amend the Class definition as discovery proceeds and to
25   conform to the evidence.  Excluded from the Class are: any Defendant, and any subsidiary or affiliate
26   of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or
27   affiliates, and members of the federal judiciary.
28

23. **Numerosity:** The Class is comprised of over a thousand people and accordingly is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

24. The Class is easily identifiable and readily ascertainable, as each person was required to use Promotion Codes, and other identifying information, when signing up with FanDuel in order to obtain the "welcome bonus". Notice can be provided to such purchasers using techniques and a form of notice customarily used in class actions, such as by direct mail based on Defendant's business records, internet publication, radio, newspapers, and magazines.

25. **Commonality and Predominance.** There are common questions of law and/or fact that predominate over any questions affecting only individual members of the Class. These principal common issues include the following:

    a. Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

    b. Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

    c. Whether Defendant advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

    d. Whether Defendant made false and misleading representations in their advertising and labeling of the Product;

    e. Whether Defendant knew or should have known that the representations were false;

    f. Whether Defendant represented that the Product have characteristics, benefits, uses, or quantities which it does not have;

    g. Whether Defendant's conduct is a violation of New York Business Code § 349;

    h. Whether Defendant's conduct is a violation of New York Business Code § 350;

    i. Is the Plaintiff and the Class entitled to monetary relief under California law; and New York law;

    j. Is the Plaintiff and the Class entitled to injunctive relief under New York law and California law;

7

k.    Did the Defendant's conduct constitute a breach of contract entitling the Plaintiff and the Class to monetary relief.

26.    **Typicality:**  The Plaintiff's claims are typical of the claims that would be asserted by other members of the Class in that, in proving its claims, Plaintiff will simultaneously prove the claims of all Class Members.  Plaintiff and each class member are people that purchased FanDuel using a certain Promotion Code that is tied to one of the misleading forms of advertising described herein, and Plaintiff and each member of the Class and Subclass will seek declaratory relief, injunctive relief and breach of contract damages to determine their right and entitlement to damages.

27.    **Adequacy:.** The Plaintiff is a Member of both the Class and Subclass and has no conflicts of interest and will fairly and adequately protect and represent the interests of each member of the Class.  Additionally, the Plaintiff is fully cognizant of their responsibility as Class Representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action.  Indeed, class counsel has extensive experience in consumer class claims substantially similar to the claims posed in this litigation.

28.    **Rule 23(b)(2).** Under Count I, the Defendant acted or refused to act on grounds or in a manner generally applicable to all members of the Class and Subclass, thereby making declaratory relief to the entire Class and Subclass particularly appropriate.

29.    Because Plaintiff seeks declaratory relief for Class Members under Rule 23(b)(2), the prosecution of separate actions by individual members of the Class and Subclass would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and Subclass that would establish incompatible standards of conduct for the Defendant.  Further, adjudications with respect to individual members of the Class and Subclass would, as a practical matter, be dispositive of the interests of other members of the Class and Subclass who are not parties to the adjudication and may impair and impede their ability to protect their interests.

30.    **Rule 23 (b)(3).** Under Count I, the Plaintiff and the Class and Subclass seek a judgment finding that the Defendant has systematically breached the representation/promise by failing to match, "dollar for dollar," a member of the Class' (or Subclass') initial deposit or by failing to

1    provide a specific dollar figure match based on the amount of the initial deposit, which will be based

2    on objective data and will be easily ascertained through the Defendant's computer records based on

3    standardized Promotion Codes.    Moreover, Defendant's class wide utilization of web based

4    computer programs to control its entire business makes this claim particularly susceptible to class

5    certification, as the court or finder of fact will easily be able to determine not only the affected

6    members of the Class and Subclass, but the amount of their initial deposit that was not correctly

7    matched by the Defendant.

8         31.    Count II seeks payment of money damages based on the breach of contract.    There

9    will be no significant individual questions related to liability with respect to Count II because the

10   Defendant's liability arises from the same pattern and practice of not matching a person's initial

11   deposit without paying additional amounts over the initial deposit.    Indeed, these determinations will

12   merely require a formulaic recalculation utilizing the Defendant's own computer software.

13   Accordingly, the method for proving damages for each Class and Subclass Member will be identical,

14   and as a corollary, common issues predominate and class treatment of Plaintiff's claims are easily

15   maintainable and superior to individual lawsuits.

16        32.    **Rule 23(c)(4).**    In the alternative, if the Court is not inclined to certify a monetary

17   damage class it can certainly certify an issue class with respect to the Defendant's liability on a class-

18   wide basis and then proceed in accordance with the Federal Rules of Civil Procedure and employ

19   other mechanisms at its disposal with respect to damages of individual members of the Class.

### COUNT I
### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et seq.

22        33.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs

23   and incorporates the same as if set forth herein at length.

24        34.    This cause of action is brought pursuant to Business and Professions Code section

25   17200, et seq., on behalf of Plaintiff and a Class consisting of all California Citizens who purchased

26   the Product, using a Promotion Code for personal use and not for resale.

27        35.    The Defendant, as described herein has engaged in advertising, that was deceptive or

28

CLASS ACTION COMPLAINT

1    misleading in that it objectively mislead an average consumer like the Plaintiff, and the Class, that the

2    person would receive their entire "Welcome Bonus" upon signing up and expending their initial

3    deposit on the FanDuel website instead of having to either deposit as much as 2500% of the initial

4    deposit and/or utilize 2500% of monies that they won on the site in order to obtain the entire

5    "Welcome Bonus". This advertising was material with respect to the decision to purchase or engage

6    in FanDuel because in order to receive the Welcome Bonus, a special Promotion Code, which was

7    disclosed through access to the misleading advertising, must be used.

8       36.    Defendant was aware the Product is not as set forth in Defendant's advertising.

9       37.    Plaintiff and the Class have been aggrieved by Defendant's unfair and deceptive

10   practices in that they placed an initial deposit with FanDuel and have not been provided a "dollar for

11   dollar" match of that deposit or a specific dollar amount based on the amount of the initial deposit

12   without continued use and financial commitment to FanDuel.

13      38.    Defendant knew that the claims that it made and continue to make about the

14   Product were false and misleading.

15      39.    As alleged in the preceding paragraphs, the misrepresentations and omissions by

16   Defendant of the material facts detailed above constitutes an unfair, unlawful, and fraudulent

17   business practice within the meaning of California Business & Professions Code section 17200.

18      40.    In addition, Defendant's use of various forms of advertising media to advertise, call

19   attention to, or give publicity to the sale of goods or merchandise which are not as represented in

20   any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and

21   an unlawful business practice within the meaning of Business & Professions Code sections 17200

22   and 17531, which advertisements have deceived and are likely to deceive the consuming public, in

23   violation of Business & Professions Code section 17200.

24      41.    There were reasonably available alternatives to further Defendant's legitimate

25   business interests, other than the conduct described herein.

26      42.    All of the conduct alleged herein occurs and continues to occur in Defendant's

27   business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct

28   repeated on thousands of occasions daily.

43.     Pursuant to <u>Business & Professions Code</u> sections 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their practice of advertising the sale and use of the Product.   Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of Defendant's failure to disclose the existence and significance of said misrepresentations.

44.     Plaintiff and the Class have suffered injury in fact and have lost money or property as a result of Defendant's false representations.

45.     The Product as purchased by the Plaintiff and the Class was and is unsatisfactory and worth less than the amount paid for.

46.     Plaintiff would not have purchased the Product but for the representations and omissions by Defendant about the Product.

<b><u>COUNT II</u></b><br>
<b><u>FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS &<br>
PROFESSIONS CODE § 17500, et seq.</u></b>

47.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

48.     This cause of action is brought pursuant to <u>Business and Professions Code</u> section 17500, et seq., on behalf of Plaintiff and a Class consisting of all California citizens who purchased the Product, using a Promotion Code for personal use and not for resale.

49.     The Defendant, as described herein has engaged in advertising, that was deceptive or misleading in that it objectively mislead an average consumer like the Plaintiff, and the Class, that the person would receive their entire "Welcome Bonus" upon signing up and expending their initial deposit on the FanDuel website instead of having to either deposit as much as 2500% of the initial deposit and/or utilize 2500% of monies that they won on the site in order to obtain the entire "Welcome Bonus".   This advertising was material with respect to the decision to purchase or engage in FanDuel because in order to receive the "Welcome Bonus", a special Promotion Code, which was disclosed through access to the misleading advertising, must be used.

11<br>
CLASS ACTION COMPLAINT

50.   Defendant is aware the Product is not as set forth in Defendant's advertising.

51.   Defendant knew that the claims and omissions that they made and continue to make about the Product are false and misleading.

52.   Plaintiff would not have purchased the Product but for the representations and omissions by Defendant about the Product.

53.   Plaintiff and the Class have suffered injury in fact and have lost or property as a result of Defendant's false representations.

54.   The Product as purchased by the Plaintiff and the Class was and is unsatisfactory and worth less than the amount paid for.

55.   As alleged in the preceding paragraphs, the misrepresentations by Defendant of the material facts detailed above constitutes an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code section 17500.

56.   In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17500.

57.   Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their practice of advertising the sale and use of the Product. Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations.

## COUNT III

### VIOLATION OF CALIFORNIA CIVIL CODE § 1750, et seq.

58.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

59.    This cause of action is brought pursuant to Civil Code section 1750, et seq., the Consumers Legal Remedies Act, on behalf of Plaintiff and a Class consisting of all California Citizens who purchased the Product, using a Promotion Code for personal use and not for resale

60.    There are questions of law and fact common to the class, which questions are substantially similar and predominate over questions affecting the individual members, including but not limited to: (a) Whether Defendant represented that the Product has characteristics, benefits, uses, or quantities which it does not have; (b) Whether the existence, extent, and significance of the major misrepresentations regarding the purported benefits, characteristics, and efficacy of the Product violate the Act.

61.    The policies, acts, and practices heretofore described were intended to result in the sale of the Product to the consuming public, particularly those interested in health or flavor relating to the Product, and violated and continue to violate section 1770(a)(5) of the Act by representing that the Product has characteristics, benefits, uses, or quantities which it does not have.

62.    Defendant fraudulently deceived Plaintiff and the Class by representing that the Product has certain characteristics, benefits, uses, and qualities, which it does not have. In doing so, Defendant intentionally misrepresented, concealed and did not properly disclose material facts from Plaintiff and the Class, specifically that the Product has characteristics that it does not have. Said misrepresentations and omissions deceived Plaintiff and the Class and depriving them of their legal rights and money.

63.    Indeed, the advertising was deceptive or misleading in that it objectively mislead an average consumer like the Plaintiff, and the Class Members, that the person would receive their entire "Welcome Bonus" upon signing up and expending their initial deposit on the FanDuel website instead of having to either deposit as much as 2500% of the initial deposit and/or utilize 2500% of monies that they won on the site in order to obtain the entire "Welcome Bonus". This advertising was material with respect to the decision to purchase or engage in FanDuel because in order to

1   receive the Welcome Bonus, a special Promotion Code, which was disclosed through access to the
2   misleading advertising, must be used.

3       64.     Defendant's actions as described hereinabove were done with conscious disregard
4   of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of same.

5       65.     Plaintiff and the Class have suffered injury in fact and have lost or property as a
6   result of Defendant's false representations.

7       66.     The Product as purchased by the Plaintiff and the Class was and is unsatisfactory
8   and worth less than the amount paid for.

9       67.     Plaintiff would not have purchased the Product but for the representations by
10  Defendant about the product.

11      68.     Pursuant to section 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of
12  an order enjoining the above-described wrongful acts and practices of Defendant, including, but
13  not limited to, an order:

14          A.    Enjoining Defendant from continuing to make the statements set forth
15                above;

16          B.    Enjoining Defendant from continuing to offer for sale any unit of the
17                Product that contains any false, misleading, and/or undisclosed material
18                fact in its advertising, including, without limitation, those statements and
19                omissions set forth above;

20          C.    Enjoining Defendant from continuing to use the website and advertising
21                that it presently uses for the Product; and

22          D.    Enjoining Defendant from distributing such false advertising and
23                misrepresentations.

24      69.     Plaintiff shall be irreparably harmed if such an order is not granted.

25

26                              **COUNT IV**
27  **NEW YORK BUSINESS CODE § 349 and § 350---CLASS ALLEGATIONS FOR**
    **DAMAGES BASED ON DEFENDANT'S DECEPTIVE ACTS AND PRACTICES**
28

CLASS ACTION COMPLAINT

1    70.    Plaintiff hereby incorporates by reference each of the preceding allegations as though

2    fully set forth herein.

3    71.    The Defendant's actions described in this complaint were always directed to

4    consumers in order to entice them to sign up for FanDuel and indeed, the Plaintiff and the Class are

5    consumers.

6    72.    The Defendant, as described herein has engaged in advertising, that was deceptive or

7    misleading in that it objectively mislead an average consumer like the Plaintiff, Class and/or Subclass

8    Member that the person would receive their entire "Welcome Bonus" upon signing up and expending

9    their initial deposit on the FanDuel website instead of having to either deposit as much as 2500% of

10   the initial deposit and/or utilize 2500% of monies that they won on the site in order to obtain the

11   entire "Welcome Bonus". This advertising was material with respect to the decision to purchase or

12   engage in FanDuel because in order to receive the Welcome Bonus, a special Promotion Code,

13   which was disclosed through access to the misleading advertising, must be used.

14   73.    The Plaintiff in fact, saw one of the Defendant's misleading advertisements and

15   signed up for FanDuel based, in part, on the "Welcome Bonus" promotion and utilized a Promotion

16   Code when they in fact signed up.

17   74.    Plaintiff and the Class have been aggrieved by Defendant's unfair and deceptive

18   practices in that they placed an initial deposit with FanDuel and have not been provided a "dollar for

19   dollar" match of that deposit or a specific dollar amount based on the amount of the initial deposit

20   without continued use and financial commitment to FanDuel.

21   75.    The actual damages suffered by Plaintiff and the Class were directly and proximately

22   caused by the deceptive, misleading and unfair practices of Defendant, as more fully described herein.

23   WHEREFORE, Plaintiff, on behalf of themselves and all others similarly situated, pray for

24   relief and judgment against Defendant as follows:

25   a.    Certifying the Class or Subclass pursuant to Rule 23 (b)(2) and (b)(3) *Fed.*

26   *R. Civ. P.*, and appointing Plaintiff as representatives for said Class Members

27   and Plaintiff's counsel as Class Counsel;

28   b.    Awarding actual damages or fifty dollars whichever is greater;

15

CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | c. | Exercise its discretion and increase the award of damages to an amount not to |
| 2 | | exceed three times the actual damages up to one thousand dollars because the |
| 3 | | Defendant's actions were willful and knowing violation of §§ 349 and 350; |
| 4 | d. | Awarding pre-and post-judgment interest, as allowed by law; |
| 5 | e. | Enjoin further advertising as described herein; |
| 6 | f. | Requiring the Defendant to provide the dollar for dollar match without any |
| 7 | | additional play; |
| 8 | g. | Awarding reasonable attorney's fees and costs to Class Counsel; and |
| 9 | h. | Granting such other and further relief as is just and proper. |

**COUNT V**
**CLASS ALLEGATIONS FOR BREACH OF CONTRACT**

76.     Plaintiff hereby incorporates by reference paragraphs 1-30 as more fully set forth therein.

77.     The Defendant made an offer to the Plaintiff and the Class which included, amongst other things, an immediate "dollar for dollar" match of a person's initial deposit or a specific dollar match based upon the amount of the initial deposit.

78.     The Plaintiff and the Class accepted the Defendant's offer by signing up on the FanDuel website and utilized a Promotion Code which was required for the "dollar for dollar" or specific dollar match.

79.     The Defendant breached its contract with the Plaintiff and the Class by not providing a "dollar for dollar" or specific dollar match of the initial deposit, but rather required extensive additional deposits or outlaying of monies in order to obtain the match.

80.     The Defendant's conduct has caused the Plaintiff, the Class and Subclass damages giving rise to the claims herein.

81.     Moreover, the Defendant's formula for its calculation of the "Welcome Bonus" was not clear or conspicuous to users like the Plaintiff, the Class and Subclass at any time, but at all times material is unclear and hidden by the Defendant and is thereby a violation of the implied duty of good

CLASS ACTION COMPLAINT

1  faith and fair dealing.  Moreover, the Defendant's formula which requires additional payment of as

2  much as 2500% of the initial deposit in order to obtain the full "Welcome Bonus", which is

3  advertised as a "dollar for dollar" or specific dollar match, is unconscionable and a further breach of

4  the implied covenant of good faith and fair dealing.

5      WHEREFORE, the Plaintiff, individually and on behalf of the Class request that a judgment

6  be entered against the Defendant for their damages, costs, interest and any other relief this Court

7  deems just and reasonable.

8                                    **Jury Trial Demand**

9      The Plaintiff, individually and on behalf of the Class hereby demand a trial by jury of all issues

10  that can be tried by a jury.

11

12  Dated: March 12, 2015                    **MILSTEIN ADELMAN, LLP**

13

14                                           _____
                                             Mark A. Milstein
15                                           Attorneys for Plaintiffs

16

17  Dated:  March 12, 2015                   **FLAHERTY HENNESSY, LLP**

18

19                                           _____
                                             Sarah L. Gough
20                                           Attorneys for Plaintiffs
                                             Wesley Leung, et al.
21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT