**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESLEY LEUNG, individually and on behalf of all others similarly situated, | ) ) Case No.  ED CV 15-0835 FMO (JCx) |
| Plaintiffs, | ) ) ) |
| v. | ) **ORDER Re: MOTIONS FOR CLASS** ) **CERTIFICATION** |
| FANDUEL, INC., | ) ) |
| Defendant. | ) ) ) |

A deadline for motion for class certification[1] has been set in the above-captioned case.  Any motion(s) for class certification **shall** comply with all Federal Rules of Civil Procedure and Local Rules, as well as this Order.  Please be advised that this Order contains requirements more specific than the Local Rules and Federal Rules of Civil Procedure.

1. Local Rule 7-3 Conference:  The parties shall meet and confer, in person, to narrow and crystallize the issues to be argued in any motion for class certification.  The meet and confer shall be transcribed by a court reporter and the transcript of the motion shall be filed with the motion.  The parties shall discuss *each issue* to be raised in the motion(s), as well as the law and evidence relevant to that issue, so that the parties' briefing may reflect that they are fully cognizant of the other side's position(s).  If the briefing reveals that the parties are not on the same page with respect to the issues and position(s) presented, the motion(s) shall be stricken.

---

[1] This Order applies to any motion for certification pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

2. <u>Timing</u>:  The motion(s) shall be properly noticed under the Local Rules, <u>see</u> Local Rule 6-1, and filed by the deadline set forth in the Scheduling Order in compliance with Local Rule 7-3.

3. <u>Joint Brief</u>:  The parties shall work cooperatively to create a single, *fully integrated* joint brief covering each party's position, in which each issue (or sub-issue) raised by a party is immediately followed by the opposing party's/parties' response.  The joint brief shall set out each issue (or sub-issue), including legal argument and direct citation to the evidence, followed <u>seriatim</u> by the response with respect to that issue (or sub-issue), including legal argument and direct citation to evidence.

4. <u>Citation to Evidence</u>:  All citation to evidence in the joint brief shall be directly to the exhibit and page number(s) of the evidentiary appendix, (<u>see</u> <u>infra</u> at ¶ 7), or page and line number(s) of a deposition.  Parenthetical explanations are encouraged.  The parties shall cite to relevant evidence to support factual assertions throughout the joint brief.  Failure to cite to evidence in support of a factual assertion shall be deemed the party's admission that the party lacks evidence of that fact.  Evidence not cited by a party in the joint brief shall be deemed admitted to be irrelevant.

5. <u>Unnecessary Sections</u>:  The parties need not include a "procedural history" section, since the court would be familiar with the procedural history.  The court is also familiar with the general standard for class certification, so that need not be argued.  However, if a party believes a specialized standard is applicable, the party may brief such a standard.  If preliminary issues – such as burden of proof, standard of review, or choice of law – are in dispute, the parties shall brief such issues in accordance with ¶ 3, <u>supra</u>.

6. <u>Page Limitation</u>:  Each separately-represented party shall be limited to twenty-five (25) pages, exclusive of tables of contents and authorities.  Repetition shall be avoided and, as always, brevity is preferred.  Leave for additional space will be given only in extraordinary cases.  The excessive use of footnotes in an attempt to avoid the page limitation shall not be tolerated.  All substantive material, other than brief argument on tangential issues, shall be in the body of the brief.

7.  <u>Evidentiary Appendix</u>:  The joint brief shall be accompanied by one separate, tabbed appendix[2] of declarations and written evidence (including documents, photographs, deposition excerpts, etc.).  <u>See</u> Local Rule 7-6.  Declarations shall set out facts that would be admissible in evidence, and shall *not* contain argument.  <u>See</u> Local Rule 7-7.  Depositions, <u>see</u> Local Rule 32-1, and physical exhibits shall be lodged separately.  The evidentiary appendix shall include a table of contents.

8.  <u>Evidentiary Objections</u>:  All necessary evidentiary objections shall be made in the relevant section(s) of the joint brief.

9.  <u>Supplemental Memorandum</u>:  After the joint brief is filed, each party may file a supplemental memorandum of points and authorities no later than fourteen (14) days prior to the hearing date.  The supplemental memorandum shall not exceed ten (10) pages in length.  No other separate memorandum of points and authorities shall be filed by either party in connection with the motion for class certification.

10.  <u>Failure to Comply with this Order</u>:  If it appears from the joint brief that the parties have not discharged their Local Rule 7-3 obligations in good faith, that the parties have not worked to fully integrate the document, or that the parties have otherwise failed to fully comply with this Order, the motion(s) shall be stricken, and the parties shall be required to repeat the process.  If it appears that a party is/some parties are primarily responsible for the parties' failure to properly file an adequate joint brief, that party/those parties shall be subject to appropriate sanctions.

**IT IS SO ORDERED**.

Dated this 5th day of June, 2015.

/s/
Fernando M. Olguin
United States District Judge

---

[2] If such evidence exceeds <u>300</u> pages, the documents shall be placed in a **binder(s)**, with an index and with each item of evidence separated by a tab divider on the right side.