**MILSTEIN ADELMAN, LLP**
Mark A. Milstein, State Bar No. 155513
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

**FLAHERTY HENNESSY, LLP**
Sarah L Hennessy, State Bar No. 247220
8055 West Manchester Street, Suite 420
Playa del Rey, California 90293
Telephone: (310) 305-1280
Fax: (310) 305-1210

**ZEBERSKY PAYNE, LLP**
Edward H. Zebersky, *Admitted Pro Hac Vice*
110 Southeast 6th Street, Suite 2150
Fort Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781

Attorneys for Plaintiff Wesley Leung

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY LEUNG individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>        vs.<br><br>FANDUEL, INC., a Delaware Corporation and FANDUEL, LTD.<br><br>                    Defendant. | CASE NO.: 5:15-cv-00835-FMO-JC<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br>1. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, *et seq.*<br>2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §17500, *et seq.*<br>3. VIOLATION OF CALIFORNIA CIVIL CODE §1750, *et seq.* (Consumer Legal Remedies Act)<br>4. VIOLATION OF NEW YORK BUSINESS CODE §349 and §350<br>5. BREACH OF CONTRACT<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION FIRST AMENDED COMPLAINT

Plaintiff Wesley Leung ("Plaintiff"), individually and on behalf of all other similarly situated customers of FanDuel, Inc. (the "Class"), hereby files this complaint against FanDuel, Inc. and FanDuel, Ltd. ("FanDuel", and/or "Defendants") and allege as follows:

1.  Plaintiff brings this class action to secure injunctive relief and restitution for the Class against Defendant for false and misleading advertising in violation of <u>Business & Professions Code</u> section 17200, *et seq.*, <u>Business & Professions Code</u> section 17500, *et seq.* and <u>Civil Code</u> section 1750, *et seq*, as set forth herein. Plaintiff also brings this claim under §349 and §350 of the New York Business Code and for common law breach of contract.

2.  FanDuel is a fantasy sports website that permits individuals to play one-day fantasy sports games ("Product(s)"). To begin playing on FanDuel, an individual is required to place a deposit and create a FanDuel account. That person can then use the money on deposit to pay entry fees to partake in daily fantasy sports games. At the end of the sports day, the winner of each fantasy contest is then awarded prize money, which is inserted into their FanDuel account. FanDuel takes a certain percentage of each overall pot for each fantasy sports game as a fee for hosting the fantasy game. Since FanDuel fancies its fantasy sports games as a game of skill, it is not gambling. FanDuel is also an intense competition with several competitors to create market share for its games and aggressively markets on NFL games, sports television, sports radio and sports websites.

3.  As part of its promotion, FanDuel has continuously advertised that when you set up an account on the FanDuel website and make an initial deposit, FanDuel will match "dollar for dollar" that initial deposit up to $200 for all new members without any limitations, or that, without limitations, FanDuel will match a specific dollar amount based on the amount of the initial deposit. Specifically, television commercials for Fanduel.com have advertised the following:

   a.   "Deposit now, and we'll match up to 200 bucks, dollar for dollar";
   b.   "double your deposit with promo code"; and
   c.   "deposit is 100% matched"

2
CLASS ACTION FIRST AMENDED COMPLAINT

4.     There are additional FanDuel television and radio advertisements that use different language to promote the same promise of a "dollar for dollar" match including representing that the match is for "free". Similarly, there are other advertisements where FanDuel asserts it will match a certain dollar amount for a specific initial deposit. For instance, if a person puts down an initial deposit of $100, that person would receive a $60 match as a "Welcome Bonus" or a $150 match for a $200 deposit. However, this is totally untrue. Indeed, the Defendant falsely represents and does not adequately disclose and omits that the "Welcome Bonus", which is free, is not a "dollar for dollar" match, or a match of a specific dollar amount, but is based on a very intricate formula that requires continued play on the FanDuel site and, in some cases, an investment of over 2500% of the initial deposit. Specifically, the formula used by FanDuel does not match a single dollar. The "Welcome Bonus" is released as 4% of the entry fee of each contest entered by that customer. Accordingly, the customer does not receive a single dollar for making an initial deposit. Instead, the customer must spend his deposit money in order to receive a bonus, and upon spending his deposit money, receives only 4% of that money as a bonus.

5.     For example, if a customer signs up and deposits $200 as his initial deposit, FanDuel does not match the customer's deposit with a bonus of $200, and the customer does not have $400 in his account. Instead, the customer is required to spend his deposit money by entering contests. If the customer enters a contest for $200, spending his entire deposit on a single contest, FanDuel distributes a bonus of $8 (4% of the contest entry fee). Based on this formula, the customer that made an initial deposit of $200 will have to spend $5,000 in contest entry fees in order to receive FanDuel's deposit matching bonus of $200. In other words, that customer must invest an additional $4,800 with FanDuel, before FanDuel releases its promised $200 matching bonus.

6.     So for Plaintiff, LEUNG, who put down $100, in October 2013, an initial deposit of $100 and was promised based on misleading advertising a match of $60, FanDuel did not match his initial deposit with $60, but rather only will release $8 of his "Welcome Bonus" upon playing the entire $100 initial deposit amount requiring him to spend $1,875 on FanDuel to receive his entire matching bonus.

3
CLASS ACTION FIRST AMENDED COMPLAINT

7. Defendants' promotions violate Business & Professions Code section 17200, *et seq.*, Business & Professions Code section 17500, *et seq.* and Civil Code section 1750, *et seq*, because under those statutes deceptive acts or practices in the conduct of any business, trade or commerce and false advertising in the conduct of any business, trade or commerce or in the furnishing of any service is unlawful. For the same reasons the Defendants' conduct violates §349 and §350 of the New York Business Code.

8. Defendants' advertisements also become part of the contract between the Plaintiff and the putative class and the Defendant, which the Defendants breach by non-performance.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, section 10, because this case is a cause not given by statute to other trial courts.

10. Plaintiff has standing to bring this action pursuant to Business & Professions Code section 17200, et seq.

11. FanDuel, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in New York.

12. Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between it and California.

13. Venue is proper in this Court because Defendant receives substantial compensation from sales in Los Angeles County, and Defendant made numerous misrepresentations, which had a substantial effect in Los Angeles County, including, but not limited to, print media, television advertisements, internet advertisements, and radio advertisements.

14. FanDuel, Ltd. is the parent company for FanDuel, Inc., with a principal place of business in Edinburgh, Scotland.

15. Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between it and California.

16. Defendant is subject to personal jurisdiction in California based upon sufficient

minimum contacts which exist between it and California.

17. Venue is proper in this Court because Defendant receives substantial compensation from sales in Los Angeles County, and Defendant made numerous misrepresentations, which had a substantial effect in Los Angeles County, including, but not limited to, print media, television advertisements, internet advertisements, and radio advertisements.

## PARTIES

18. At all times relevant hereto, Plaintiff is a California citizen who seeks to represent a class of California Citizens who paid initial deposits to play the FanDuel games, using a specific promotion code, and did not receive their promised "Welcome Bonus" match. Plaintiff purchased the Product over the internet while in California from an entity in New York. In doing so, Plaintiff relied upon the advertising and other promotional material which were prepared and approved by Defendants and their agents and disseminated through its national advertising media, containing the misrepresentations alleged herein which were designed to encourage consumers to purchase the Product.

19. Defendant FanDuel, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located in Manhattan, New York. FanDuel offers the Product for sale through its internet site throughout all fifty states, through business activities that emanate from New York. FanDuel is the owner and operator of the FanDuel Product and is the company that created and/or authorized the false, misleading, and deceptive advertisements for the Product.

20. Defendant FanDuel, Ltd. is the parent company of FanDuel, Inc., with a principal place of business in Edinburgh, Scotland. FanDuel, Ltd. offers the Product for sale through its internet site throughout all fifty states, through business activities that emanate from FanDuel, Inc. FanDuel is the owner and operator of the FanDuel Product and is the company that created and/or authorized the false, misleading and deceptive advertisements for the Product.

21. In committing the wrongful acts alleged herein, Defendants planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Product directly from their place of

1 business. Defendants participated in the making of such representations in that each did disseminate or cause to be disseminated said misrepresentations.

22. Defendants, upon becoming involved with the creation, distribution, advertising, marketing, and sale of the Product, knew or should have known that the representations about the Product and, in particular, the "dollar for dollar" free match or a specific dollar match on initial deposits for the Product were false. Defendants affirmatively misrepresented the match, as set forth herein, in order to convince the public to purchase and use the Product, resulting in profits of millions of dollars or more to Defendants, all to the damage and detriment of the consuming public.

23. FanDuel ran its first radio advertisement in March 2011. FanDuel ran its first Television advertisement in August 2012 and has run internet advertisements since at least March 2011. The Plaintiff is without knowledge as to when FanDuel first ran this misleading advertisement campaign. However, the misleading ad campaign has successfully directly increased FanDuel's exposure and has directly increased the number of paying players.

**FACTS AND DEFENDANT'S COURSE OF CONDUCT**

24. FanDuel engages in marketing campaigns that suggest that its fantasy sports are the leader in one-day fantasy sports game play. They have put together a multi-million dollar advertising campaign focused on sports enthusiasts that play fantasy sports for fun with their friends and have induced these persons to participate on their website with the lure that winning fantasy sports on their website may result in million dollar payoffs. As part of this advertising scheme, FanDuel entices these fantasy enthusiasts with promotions which are meant to make individuals believe that their initial deposits, which are required in order to play on the FanDuel site, would be immediately matched and would permit double the amount of play on the site based on the single deposit up to $200, or a match for a specific dollar amount based on the size of the initial deposit, and that the match would be free of charge. So in other words, if a person deposited $10, that person would be immediately able to play well in excess of that initial deposit immediately.

25. It is only after a person makes that initial deposit and tries to use the monies in their account, do they become aware that FanDuel does not immediately match deposits "dollar for

dollar" or in a specific amount, but rather will only provide additional [match] monies in that player's account over time, and only after they continuously pay for additional games and either deposit additional monies and/or utilize monies that they won on the site. Moreover, the individual is never told that the "dollar for dollar" match actually can be deleted from an account due to inactivity on the site.

26. When a person signs up for FanDuel, based on its false and misleading advertising of a free "dollar for dollar" match or a specific dollar match of the initial deposit, the user was required to use a specific promotion code ("Promotion Code") in order to obtain the free match. There are many different promo codes that have been advertised to be used for this deposit bonus. The Plaintiff does not know all of the promotion codes utilized by the Defendants for this promotion but this information will be determined through discovery.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action pursuant to Cal. Civ. Proc. Code § 382 on his own and on behalf of all those similarly situated. The Class, which Plaintiff seeks to represent, comprises:

> All California Citizens who purchased the Product, using a Promotion Code.

Plaintiff and the Class reserve the right to amend the Class definition as discovery proceeds and to conform to the evidence. Excluded from the Class are: any Defendants, and any subsidiary or affiliate of those Defendants, and the directors, officers and employees of those Defendants or its subsidiaries or affiliates, and members of the federal judiciary.

28. **Numerosity:** The Class is comprised of over a thousand people and accordingly is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

29. The Class is easily identifiable and readily ascertainable, as each person was required to use Promotion Codes, and other identifying information, when signing up with FanDuel in order to obtain the "welcome bonus". Notice can be provided to such purchasers using techniques and a form of notice customarily used in class actions, such as by direct mail based on Defendants' business records, internet publication, radio, newspapers, and magazines.

30. **Commonality and Predominance**. There are common questions of law and/or fact that predominate over any questions affecting only individual members of the Class. These principal common issues include the following:

   a. Whether Defendants' conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

   b. Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

   c. Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

   d. Whether Defendants made false and misleading representations in their advertising and labeling of the Product;

   e. Whether Defendants knew or should have known that the representations were false;

   f. Whether Defendants represented that the Product have characteristics, benefits, uses, or quantities which it does not have;

   g. Whether Defendants' conduct is a violation of New York Business Code § 349;

   h. Whether Defendants' conduct is a violation of New York Business Code § 350;

   i. Is the Plaintiff and the Class entitled to monetary relief under California law; and New York law;

   j. Is the Plaintiff and the Class entitled to injunctive relief under New York law and California law;

   k. Did the Defendants' conduct constitute a breach of contract entitling the Plaintiff and the Class to monetary relief.

31. **Typicality:** The Plaintiff's claims are typical of the claims that would be asserted by other members of the Class in that, in proving its claims, Plaintiff will simultaneously prove the claims of all Class Members. Plaintiff and each class member are people that purchased FanDuel using a certain Promotion Code that is tied to one of the misleading forms of advertising described herein, and Plaintiff and each member of the Class and Subclass will seek declaratory

relief, injunctive relief and breach of contract damages to determine their right and entitlement to damages.

32. **Adequacy:**. The Plaintiff is a Member of both the Class and Subclass and has no conflicts of interest and will fairly and adequately protect and represent the interests of each member of the Class. Additionally, the Plaintiff is fully cognizant of their responsibility as Class Representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Indeed, class counsel has extensive experience in consumer class claims substantially similar to the claims posed in this litigation.

33. **Rule 23(b)(2).** Under Count I, the Defendants acted or refused to act on grounds or in a manner generally applicable to all members of the Class and Subclass, thereby making declaratory relief to the entire Class and Subclass particularly appropriate.

34. Because Plaintiff seeks declaratory relief for Class Members under Rule 23(b)(2), the prosecution of separate actions by individual members of the Class and Subclass would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and Subclass that would establish incompatible standards of conduct for the Defendants. Further, adjudications with respect to individual members of the Class and Subclass would, as a practical matter, be dispositive of the interests of other members of the Class and Subclass who are not parties to the adjudication and may impair and impede their ability to protect their interests.

35. **Rule 23 (b)(3).** Under Count I, the Plaintiff and the Class and Subclass seek a judgment finding that the Defendants has systematically breached the representation/promise by failing to match, "dollar for dollar," a member of the Class' (or Subclass') initial deposit or by failing to provide a specific dollar figure match based on the amount of the initial deposit, which will be based on objective data and will be easily ascertained through the Defendants' computer records based on standardized Promotion Codes. Moreover, Defendants' class wide utilization of web based computer programs to control its entire business makes this claim particularly susceptible to class certification, as the court or finder of fact will easily be able to determine not only the affected members of the Class and Subclass, but the amount of their initial deposit that was not correctly matched by the Defendants.

36. Count II seeks payment of money damages based on the breach of contract. There will be no significant individual questions related to liability with respect to Count II because the Defendants' liability arises from the same pattern and practice of not matching a person's initial deposit without paying additional amounts over the initial deposit. Indeed, these determinations will merely require a formulaic recalculation utilizing the Defendants' own computer software. Accordingly, the method for proving damages for each Class and Subclass Member will be identical, and as a corollary, common issues predominate and class treatment of Plaintiff's claims are easily maintainable and superior to individual lawsuits.

37. **Rule 23(c)(4).** In the alternative, if the Court is not inclined to certify a monetary damage class it can certainly certify an issue class with respect to the Defendants' liability on a class-wide basis and then proceed in accordance with the Federal Rules of Civil Procedure and employ other mechanisms at its disposal with respect to damages of individual members of the Class.

## COUNT I
## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et seq.

38. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

39. This cause of action is brought pursuant to Business and Professions Code section 17200, et seq., on behalf of Plaintiff and a Class consisting of all California Citizens who purchased the Product, using a Promotion Code for personal use and not for resale.

40. The Defendant, as described herein has engaged in advertising, that was deceptive or misleading in that it objectively mislead an average consumer like the Plaintiff, and the Class, that the person would receive their entire "Welcome Bonus" upon signing up and expending their initial deposit on the FanDuel website instead of having to either deposit as much as 2500% of the initial deposit and/or utilize 2500% of monies that they won on the site in order to obtain the entire "Welcome Bonus". This advertising was material with respect to the decision to purchase or engage in FanDuel because in order to receive the Welcome Bonus, a special Promotion Code, which was disclosed through access to the misleading advertising, must be used.

41. Defendants was aware the Product is not as set forth in Defendants' advertising.

42. Plaintiff and the Class have been aggrieved by Defendants' unfair and deceptive practices in that they placed an initial deposit with FanDuel and have not been provided a "dollar for dollar" match of that deposit or a specific dollar amount based on the amount of the initial deposit without continued use and financial commitment to FanDuel.

43. Defendants knew that the claims that it made and continue to make about the Product were false and misleading.

44. As alleged in the preceding paragraphs, the misrepresentations and omissions by Defendants of the material facts detailed above constitutes an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code section 17200.

45. In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17200.

46. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

47. All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

48. Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the Product. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendants by means of Defendants' failure to disclose the existence and significance of said misrepresentations.

49. Plaintiff and the Class have suffered injury in fact and have lost money or property as a result of Defendants' false representations.

50. The Product as purchased by the Plaintiff and the Class was and is unsatisfactory and worth less than the amount paid for.

51. Plaintiff would not have purchased the Product but for the representations and omissions by Defendants about the Product.

**COUNT II**
**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, et seq.**

52. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

53. This cause of action is brought pursuant to Business and Professions Code section 17500, et seq., on behalf of Plaintiff and a Class consisting of all California citizens who purchased the Product, using a Promotion Code for personal use and not for resale.

54. The Defendants, as described herein has engaged in advertising, that was deceptive or misleading in that it objectively mislead an average consumer like the Plaintiff, and the Class, that the person would receive their entire "Welcome Bonus" upon signing up and expending their initial deposit on the FanDuel website instead of having to either deposit as much as 2500% of the initial deposit and/or utilize 2500% of monies that they won on the site in order to obtain the entire "Welcome Bonus". This advertising was material with respect to the decision to purchase or engage in FanDuel because in order to receive the "Welcome Bonus", a special Promotion Code, which was disclosed through access to the misleading advertising, must be used.

55. Defendants are aware the Product is not as set forth in Defendants' advertising.

56. Defendants knew that the claims and omissions that they made and continue to make about the Product are false and misleading.

57. Plaintiff would not have purchased the Product but for the representations and omissions by Defendants about the Product.

58. Plaintiff and the Class have suffered injury in fact and have lost or property as a result of Defendants' false representations.

59. The Product as purchased by the Plaintiff and the Class was and is unsatisfactory and worth less than the amount paid for.

60. As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code section 17500.

61. In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17500.

62. Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the Product. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations.

## COUNT III

## VIOLATION OF CALIFORNIA CIVIL CODE § 1750, et seq.

63. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

64. This cause of action is brought pursuant to Civil Code section 1750, et seq., the Consumers Legal Remedies Act, on behalf of Plaintiff and a Class consisting of all California Citizens who purchased the Product, using a Promotion Code for personal use and not for resale

65. There are questions of law and fact common to the class, which questions are substantially similar and predominate over questions affecting the individual members, including but not limited to: (a) Whether Defendants represented that the Product has characteristics,

benefits, uses, or quantities which it does not have; (b) Whether the existence, extent, and significance of the major misrepresentations regarding the purported benefits, characteristics, and efficacy of the Product violate the Act.

66. The policies, acts, and practices heretofore described were intended to result in the sale of the Product to the consuming public, particularly those interested in health or flavor relating to the Product, and violated and continue to violate section 1770(a)(5) of the Act by representing that the Product has characteristics, benefits, uses, or quantities which it does not have.

67. Defendants fraudulently deceived Plaintiff and the Class by representing that the Product has certain characteristics, benefits, uses, and qualities, which it does not have. In doing so, Defendants intentionally misrepresented, concealed and did not properly disclose material facts from Plaintiff and the Class, specifically that the Product has characteristics that it does not have. Said misrepresentations and omissions deceived Plaintiff and the Class and depriving them of their legal rights and money.

68. Indeed, the advertising was deceptive or misleading in that it objectively mislead an average consumer like the Plaintiff, and the Class Members, that the person would receive their entire "Welcome Bonus" upon signing up and expending their initial deposit on the FanDuel website instead of having to either deposit as much as 2500% of the initial deposit and/or utilize 2500% of monies that they won on the site in order to obtain the entire "Welcome Bonus". This advertising was material with respect to the decision to purchase or engage in FanDuel because in order to receive the Welcome Bonus, a special Promotion Code, which was disclosed through access to the misleading advertising, must be used.

69. Defendants' actions as described hereinabove were done with conscious disregard of Plaintiff's rights, and Defendants was wanton and malicious in its concealment of same.

70. Plaintiff and the Class have suffered injury in fact and have lost or property as a result of Defendants' false representations.

71. The Product as purchased by the Plaintiff and the Class was and is unsatisfactory and worth less than the amount paid for.

72. Plaintiff would not have purchased the Product but for the representations by Defendants about the product.

73. Pursuant to section 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendants, including, but not limited to, an order:

    A. Enjoining Defendants from continuing to make the statements set forth above;

    B. Enjoining Defendants from continuing to offer for sale any unit of the Product that contains any false, misleading, and/or undisclosed material fact in its advertising, including, without limitation, those statements and omissions set forth above;

    C. Enjoining Defendants from continuing to use the website and advertising that it presently uses for the Product; and

    D. Enjoining Defendants from distributing such false advertising and misrepresentations.

74. Plaintiff shall be irreparably harmed if such an order is not granted.

## COUNT IV
## NEW YORK BUSINESS CODE § 349 and § 350---CLASS ALLEGATIONS FOR DAMAGES BASED ON DEFENDANTS' DECEPTIVE ACTS AND PRACTICES

75. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

76. The Defendants' actions described in this complaint were always directed to consumers in order to entice them to sign up for FanDuel and indeed, the Plaintiff and the Class are consumers.

77. The Defendants, as described herein has engaged in advertising, that was deceptive or misleading in that it objectively mislead an average consumer like the Plaintiff, Class and/or Subclass Member that the person would receive their entire "Welcome Bonus" upon signing up and

expending their initial deposit on the FanDuel website instead of having to either deposit as much as 2500% of the initial deposit and/or utilize 2500% of monies that they won on the site in order to obtain the entire "Welcome Bonus". This advertising was material with respect to the decision to purchase or engage in FanDuel because in order to receive the Welcome Bonus, a special Promotion Code, which was disclosed through access to the misleading advertising, must be used.

78. The Plaintiff in fact, saw one of the Defendant's misleading advertisements and signed up for FanDuel based, in part, on the "Welcome Bonus" promotion and utilized a Promotion Code when they in fact signed up.

79. Plaintiff and the Class have been aggrieved by Defendants' unfair and deceptive practices in that they placed an initial deposit with FanDuel and have not been provided a "dollar for dollar" match of that deposit or a specific dollar amount based on the amount of the initial deposit without continued use and financial commitment to FanDuel.

80. The actual damages suffered by Plaintiff and the Class were directly and proximately caused by the deceptive, misleading and unfair practices of Defendants, as more fully described herein.

WHEREFORE, Plaintiff, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

a. Certifying the Class or Subclass pursuant to Rule 23 (b)(2) and (b)(3) *Fed. R. Civ. P.*, and appointing Plaintiff as representatives for said Class Members and Plaintiff's counsel as Class Counsel;

b. Awarding actual damages or fifty dollars whichever is greater;

c. Exercise its discretion and increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars because the Defendants' actions were willful and knowing violation of §§ 349 and 350;

d. Awarding pre-and post-judgment interest, as allowed by law;

e. Enjoin further advertising as described herein;

f. Requiring the Defendants to provide the dollar for dollar match without any additional play;

g. Awarding reasonable attorney's fees and costs to Class Counsel; and

h. Granting such other and further relief as is just and proper.

## COUNT V
## CLASS ALLEGATIONS FOR BREACH OF CONTRACT

81. Plaintiff hereby incorporates by reference paragraphs 1-30 as more fully set forth therein.

82. The Defendants made an offer to the Plaintiff and the Class which included, amongst other things, an immediate "dollar for dollar" match of a person's initial deposit or a specific dollar match based upon the amount of the initial deposit.

83. The Plaintiff and the Class accepted the Defendants' offer by signing up on the FanDuel website and utilized a Promotion Code which was required for the "dollar for dollar" or specific dollar match.

84. The Defendants breached its contract with the Plaintiff and the Class by not providing a "dollar for dollar" or specific dollar match of the initial deposit, but rather required extensive additional deposits or outlaying of monies in order to obtain the match.

85. The Defendants' conduct has caused the Plaintiff, the Class and Subclass damages giving rise to the claims herein.

86. Moreover, the Defendants' formula for its calculation of the "Welcome Bonus" was not clear or conspicuous to users like the Plaintiff, the Class and Subclass at any time, but at all times material is unclear and hidden by the Defendants and is thereby a violation of the implied duty of good faith and fair dealing**.**  Moreover, the Defendants' formula which requires additional payment of as much as 2500% of the initial deposit in order to obtain the full "Welcome Bonus", which is advertised as a "dollar for dollar" or specific dollar match, is unconscionable and a further breach of the implied covenant of good faith and fair dealing.

WHEREFORE, the Plaintiff, individually and on behalf of the Class request that a judgment be entered against the Defendants for their damages, costs, interest and any other relief this Court deems just and reasonable.

## Jury Trial Demand

The Plaintiff, individually and on behalf of the Class hereby demand a trial by jury of all issues that can be tried by a jury.

Dated: August 17, 2015                    **MILSTEIN ADELMAN, LLP**

*/s/ Mark A. Milstein*
Mark A. Milstein
Attorneys for Plaintiffs
Wesley Leung, et al.

Dated: August 17, 2015                    **FLAHERTY HENNESSY, LLP**

*/s/ Sarah L. Hennessy*
Sarah L. Hennessy
Attorneys for Plaintiffs
Wesley Leung, et al.

Dated: August 17, 2015                    **ZEBERSKY PAYNE, LLP**

*/s/ Edward H. Zebersky*
Edward H. Zebersky
Attorneys for Plaintiffs
Wesley Leung, et al.

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to within action; my business address is **2800 Donald Douglas Loop North, Santa Monica, CA 90405**.

On August 17, 2015, I served the foregoing documents described as:

**FIRST AMENDED CLASS ACTION COMPLAINT**

**SUMMONS TO FIRST AMENDED CLASS ACTION COMPLAINT**

On interested parties in this action by sending a true copy of the document to the following parties as follows:

| Jacob A Sommer<br>**ZwillGen PLLC**<br>1900 M Steeet NW, Suite 250<br>Washington, DC 20036<br>202-296-3585<br>Fax:202-706-5298<br>Email: jake@zwillgen.com<br><br>*Attorneys for*<br>*Defendant Fanduel, Inc.* | Katherine M Robison<br>**ZwillGen Law LLP**<br>915 Battery Street, 2nd Floor, Suite 3<br>San Francisco, CA 94111<br>415-590-2340<br>Fax: 415-445-0908<br>Email: kat@zwillgen.com<br><br>*Attorneys for*<br>*Defendant Fanduel, Inc.* |
|---|---|

xxxx   (BY ELECTRONIC MAIL) I caused the document(s) to be successfully transmitted via electronic mail to the offices of the addressees.

------   (BY ELECTRONIC SERVICE) I caused the document(s) to be sent to the offices of the addressees via Online Filing Service.

------   (BY FACSIMILE) I transmitted pursuant Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the attached listed fax number(s). The transmission originated from facsimile phone number (310) 396-9635 and was reported as complete and without error.

------   (BY OVER NIGHT DELIVERY) I caused such envelope(s) thereon fully prepaid to be placed in the Norco Overnite box at Santa Monica, California.

------   (BY PERSONAL SERVICE) I caused such envelope(s) to be hand delivered to the offices of the addressees.

1  xxxx  (BY US MAIL) I caused such envelope(s) with postage thereon fully prepaid, with return receipt requested, to be placed in the United States mail at Santa Monica, California, pursuant to California Code of Civil Procedure § 415.40. I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

Executed on August 17, 2015, at Santa Monica, California

------  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

xxxx  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
David Marin

2