Katherine Robison (SBN 221556)
kat@zwillgen.com
ZWILLGEN LAW, LLP
915-2 Battery Street, 2d Floor
San Francisco, CA 94111
Telephone: (415) 590-2340
Facsimile:  (415) 445-0908

Attorneys for Defendant
FANDUEL, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| WESLEY LEUNG, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FANDUEL, INC., a Delaware Corporation and FANDUEL, LTD. <br><br> Defendants. | Case No. 5:15-CV-00835-FMO-JCx <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AND DISCOVERY PENDING RESOLUTION OF THE MOTION TO COMPEL ARBITRATION** <br><br> Date:          October 15, 2015 <br> Time:          10:00 a.m. <br> Courtroom:  22 <br> Judge:        Hon. Fernando Olguin |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 15, 2015 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 22 of the above-entitled Court located at 312 North Spring Street Los Angeles, CA 90012-4701, Defendants, FanDuel, Inc. and FanDuel, Ltd. ("FanDuel"), will and hereby do move this Court for an order staying all proceedings and discovery until final resolution of its Motion to Compel Arbitration by this Court.  Plaintiff does not intend to oppose this motion.

This motion is made on the grounds that a stay is appropriate regardless of the outcome of the pending Motion to Compel Arbitration.  If the parties' contractual arbitration provision is enforced, a stay will avoid the irreparable harm that will result from requiring the parties to expend unnecessary resources to prematurely litigate in this forum, where the arbitration will ultimately proceed under different procedures.  If, on the other hand, this case ultimately remains in this Court, the parties will both benefit from a stay of the current case schedule as it contains deadlines that will otherwise prejudice their ability to fully litigation their claims and defenses.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Katherine M. Robison filed concurrently herewith, all of the pleadings and papers on file in this action, and such other evidence as may be presented to the Court at the time of this hearing.

1    This motion is made following a conference of counsel pursuant to Local

2    Rule 7-3, which took place on August 17, 2015.

3                                    **ZWILLGEN LAW LLP**

4

5

6    Dated:  September 10, 2015            By:  /s/ Katherine M. Robison
                                          Katherine M. Robison (SBN 221556)
7                                          kat@zwillgen.com
                                          ZWILLGEN LAW LLP
8                                          915-2 Battery Street, Suite 3
                                          San Francisco, California 94111
9                                          Telephone:  (415) 590-2340
                                          Facsimile:  (415) 445-0908
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This Court should stay proceedings, including discovery, in this action until resolution in this Court of FanDuel's Motion to Compel Arbitration. If the current dispute is properly subject to arbitration, this Court must grant FanDuel's motion and refer the matter to arbitration. The American Arbitration Association rules will then govern the resolution of the dispute, and the arbitrator will determine what, if any, discovery is allowed. Requiring the parties to litigate in this forum in the interim does nothing but waste judicial and party resources, which cannot be recovered. This is why courts routinely stay pre-trial obligations, including merits discovery, when a motion to compel arbitration is pending. And this Court should do the same.

A stay is especially appropriate in this matter given the current case schedule. Even if the matter ultimately remains in this forum, the parties' ability to fully litigate the dispute will be severely prejudiced by the current case schedule, which would not allow the parties sufficient time for discovery and motion practice following a resolution of the arbitration motion by this Court. Both parties recognize that it is not appropriate to conduct discovery before they know whether the case will remain in this forum or be sent to arbitration. But the Court's current case schedule includes a quickly-approaching discovery cut-off date that forces the parties to either undertake such inappropriate discovery or risk hampering their ability to develop their claims and defenses should the case stay in this forum. In this context, a stay is appropriate.

# BACKGROUND

On May 5, 2015, Defendant FanDuel, Inc. filed a Motion to Compel Arbitration, asking this Court to enforce the parties' contractual agreement to arbitrate this dispute and to dismiss, or in the alternative stay, the pending litigation.  (Doc. 6.)[1] Plaintiff filed his opposition to this motion on June 11, 2015 (Doc. 26), and FanDuel, Inc. filed its reply on June 18, 2015 (Doc. 27).  The motion was noticed for hearing on July 2, 2015, but the Court took the motion under submission without hearing.  (Doc. 28.)  The motion remains pending.

The Court set an initial scheduling conference for June 11, 2015.  (Doc. 9.) In anticipation of this conference, the parties submitted a Rule 26 Joint Scheduling Report on May 28, 2015.  (Doc. 19.)  The parties requested that all case deadlines, including Plaintiff's motion for class certification and the parties' discovery obligations, be triggered from the date the ruling on the pending Motion to Compel Arbitration becomes final.  (*Id*.)  On June 9, this Court vacated the scheduling conference and issued a Scheduling and Case Management Order Re: Class Action & Representative Actions.  (Doc. 23.)  That Order set a comprehensive case schedule, including the final day for any amendment of claims, defenses or parties (of August 7, 2015) and the close of fact discovery (on December 8, 2015).  (*Id*.)

On May 6, 2015, FanDuel, Inc. filed a Certification and Notice of Interested Parties listing FanDuel, Ltd., its parent company, as a party that may have a pecuniary

---

[1] All references to "Doc." are to the document numbers in the Court's docket.

MOTION TO STAY                                              CASE NO. 5:15-CV-00835-FMO-JCx

interest in the outcome of this litigation.  (Doc. 8.)  Pursuant to the Court's schedule, Plaintiff filed an Amendment to Complaint Naming Doe on August 6, 2015, which named FanDuel, Ltd. as Doe 1.  (Doc. 30.)  On August 10, 2015, this Court issued an order requiring Plaintiff to file a First Amended Complaint by August 17, 2015, with a response due August 31, 2015.  (Doc. 31.)  Plaintiff filed a First Amended Class Action Complaint on that date, which did not add any new claims but simply added FanDuel, Ltd. as a party defendant.  (Doc. 33.)  On August 28, 2015, in lieu of an answer, FanDuel, Ltd. filed a Joinder in FanDuel, Inc.'s Notice of Motion and Motion to Compel Arbitration.  (Doc. 35.)

On August 5, 2015, Plaintiff served two sets of discovery requests on FanDuel, Inc.: a First Set of Interrogatories, and a First Set of Requests for Production of Documents.  (Robison Decl. ¶ 2.)  Plaintiff's counsel informed FanDuel's counsel that this discovery was served because of the impending discovery deadlines set by the Court's scheduling order.  (*Id*.)  Regardless, Plaintiff's counsel agreed to grant FanDuel, Inc. an extension of time to respond until thirty (30) days from the date the arbitration issue is resolved in the trial court.  (*Id*. ¶ 3.)  However, the scheduling order, and its discovery cut-off date, remains in place.  FanDuel's counsel informed Plaintiff's counsel of their intent to file the current motion on August 17, 2015, pursuant to the requirements of Local Rule 7-3.  (*Id*.)  Plaintiff's counsel confirmed that they do not intend to oppose it.  (*Id*. ¶ 4.)

1

# ARGUMENT

## I.  AN IMMEDIATE STAY OF ALL PROCEEDINGS, INCLUDING DISCOVERY, IS APPROPRIATE

The parties agree that it is not appropriate to proceed with litigating in this forum while the arbitrability of their dispute is being determined.  Without a stay, the parties will be required to expend resources litigating in this forum, which will be an unnecessary and fruitless endeavor if this dispute is sent to arbitration.  But if the litigation ultimately remains pending and this Court keeps the current schedule, the parties' ability to fully litigate their claims and defenses will be prejudiced because the current schedule does not provide sufficient time for discovery and motion practice following a decision on the motion to compel.  In this context, a stay is appropriate.

### A.  This Court Should Stay all Proceedings Pending Resolution of the Motion to Compel Arbitration

If the parties are required to proceed with pre-trial proceedings while the enforceability of the contractual arbitration provision is being determined, "'the advantages of arbitration—speed and economy—[will be] lost forever,' a loss the Ninth Circuit describes as 'serious, perhaps, irreparable.'"  *See, e.g., Winig v. Cingular Wireless*, No. C-06-4297, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (quoting *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)). Indeed allowing the case to proceed will subject the parties "to the very complexities, inconveniences, and expenses of litigation that [the parties] determined to avoid [when agreeing to arbitrate]."  *Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*,

4

858 F.2d 648, 649–50 (11th Cir. 1988) (Tjoflat, J., concurring); *Lowden v. T-Mobile USA, Inc.*, No. C05-1482, 2006 WL 1896678, at *2 (W.D. Wash. July 10, 2006) (noting that incurring "litigation expenses would defeat the cost-limiting purpose of [] arbitration agreements"); *Stern v. Cingular Wireless Corp.*, No CV 05 8842, 2006 WL 2790243, at *2 (N.D. Cal. Sept. 11, 2006) (finding that "[i]f defendants are forced to continue litigation, they will lose the benefits of arbitration . . . .").

　　　　For these reasons, courts routinely stay all proceedings, when a motion to compel arbitration is pending.  *See, e.g.*, *Stiener v. Apple Computer, Inc*., No. C 07-4486, 2007 WL 4219388 (N.D. Cal. Nov. 29, 2007) (staying all pre-trial obligations, including discovery, pending resolution of defendant's *anticipated* motion to compel arbitration); *Coneff v. AT&T Corp.*, No. C06-0944, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (issuing protective order barring merits discovery pending resolution of motion to compel arbitration); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Ross v. Bank of Am., N.A.,* No. 05 Civ 7116, 2006 WL 36909 (S.D.N.Y. Jan 6, 2006) ("[i]n view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate" pending resolution of defendants' motion for arbitration); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to

compel arbitration was pending before the Court.").

Since this case is in the very early stages, staying all proceedings now will conserve both judicial and party resources by avoiding discovery and motion practice that will be superfluous should the case proceed to arbitration.

## B. Staying Discovery Is Especially Appropriate Here

Even if the Court were not inclined to formally stay these proceedings in their entirety, it should at least stay discovery.  The law is clear that the *only* discovery that may occur before a motion to compel arbitration is resolved is non-merits discovery aimed at determining whether a valid arbitration agreement exists.  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) ("[t]he FAA provides for discovery . . . in connection with a motion to compel arbitration only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'"); *Levin v. Ripple Twist Mills, Inc.*, 416 F. Supp. 876, 880 (E.D. Pa. 1976) ("In a proceeding to compel arbitration, no discovery into the underlying grievance is ordinarily permitted.").  But Plaintiff did not request any discovery on this issue.  In fact, the arbitration motion has already been fully briefed and is under submission with this Court.  Put another way, no discovery is needed on the one narrow topic for which it is permitted.

The parties agree that merits discovery is simply not appropriate at this time. This is because permitting "discovery on the merits" before "the issue of [the] arbitrability [of the dispute] is resolved ***puts the cart before the horse***" because, "[i]f a

dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) (emphasis added).  For this reason, courts routinely stay discovery while a motion to compel arbitration is pending.  *See Mundi v. Union Sec. Life Ins. Co.*, No. CV-F-06-1493, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (staying discovery pending resolution of motion to compel arbitration because "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration") (internal quotation marks omitted); *Jones v. Deutsche Bank, AG*, No C 04 5357, 2007 WL 951811, *1 (N.D. Cal. Mar. 28, 2007) (recognizing that when a party moves to enforce an arbitration agreement at the outset of the case, it can "persuasively argue that it should not be exposed to the risk that it will have unnecessarily *begun* discovery should arbitration subsequently be compelled") (emphasis in original);[2] *Intertec Contracting A/S Intertec (Gibraltara) Ltd. v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court."). Allowing discovery to proceed in this case is therefore unnecessary.

---

[2] In *Jones* the court declined to enter the requested stay largely because defendant filed moved to compel "comparatively late in litigation process, and long after the parties (and the Court) have expended considerable resources in discovery and other proceedings."  Unlike here, at that late date no economies would be realized from a stay.

**C. The Parties Will Not Be Prejudiced By a Stay, In Fact, They Will Benefit From It.**

Plaintiff will not be prejudiced by a stay. In fact, a stay will protect both parties' ability to fully litigate their claims and defenses should this case remain in this Court. The parties have not engaged in time-consuming and costly discovery or motion practice, and both parties recognize that it is not appropriate to do so while the motion to compel remains pending. The parties therefore have not, and do not intend to, conduct discovery until after that motion is resolved. But given the current discovery cut-off, there is a high risk that the parties will be left with a very short time in which to conduct all necessary discovery or, worse, that the discovery deadline will pass before the motion is decided in this Court. Staying the proceedings avoids the prejudice that would result if the case remains in this Court under the existing deadlines. Both parties will therefore benefit from a stay of proceeding.

<u>CONCLUSION</u>

For the foregoing reasons, FanDuel respectfully requests that the Court stay all proceedings, including discovery, pending resolution of FanDuel's Motion to Compel Arbitration by this Court.

**ZWILLGEN LAW LLP**

Dated: September 10, 2015  By: */s/ Katherine M. Robison*
Katherine M. Robison (SBN 221556)
kat@zwillgen.com
ZWILLGEN LAW LLP
915-2 Battery Street, Suite 3
San Francisco, California 94111

8

1

2

Telephone:  (415) 590-2340
Facsimile:  (415) 445-0908

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO STAY                                              CASE NO. 5:15-CV-00835-FMO-JCx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 10, 2015, I authorized the electronic filing of the

foregoing documents, **DEFENDANTS' NOTICE OF MOTION AND MOTION**

**TO STAY PROCEEDINGS AND DISCOVERY PENDING RESOLUTION OF**

**THE MOTION TO COMPEL ARBITRATION**, with the Clerk of the Court using

the CM/ECF system to be served on the parties by electronic transmission.

I certify under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.  Executed on September 10, 2015.


**ZWILLGEN LAW LLP**


By:  /s/ Katherine M. Robison
     Katherine M. Robison (SBN 221556)
     ZWILLGEN LAW LLP
     915-2 Battery Street, Suite 3
     San Francisco, California 94111
     Telephone:  (415) 590-2340
     Facsimile:  (415) 445-0908
     kat@zwillgen.com

MOTION TO STAY                                              CASE NO. 5:15-CV-00835-FMO-JCx